UNITED STATES

v.

Brenda D. DYSON, 215 62 8589, Lance Corporal (E-3), U.S. Marine Corps.

NMCM 82 1016.

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 29 Dec. 1981.

Decided 8 Aug. 1983.

LCDR Richard K. Delmar, JAGC, USNR, Appellate Defense Counsel.

LT Louis F. Sadler, JAGC, USNR, Appellate Defense Counsel.

LCDR W.A. Dorsey, JAGC, USNR, Appellate Government Counsel.

Before SANDERS, Senior Judge and MAY and CASSEL, JJ.

MAY, Judge:

Appellant was convicted, pursuant to her pleas, by general court-martial, military judge alone, of five specifications of selling prohibited drugs aboard Marine Corps Base, Camp Lejeune, North Carolina, in violation of Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892. She was sentenced to be discharged from the naval service with a bad-conduct discharge, confinement at hard labor for three years, forfeiture of all pay and allowances, and reduction to pay grade E-1. Pursuant to the terms of a pretrial agreement, the convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement at hard labor for two years, forfeiture of all pay and allowances, and reduction to pay grade E-1.

Appellant, subsequent to her trial, elected to waive appellate representation before the "Navy Court of Military Review." The findings and sentence were affirmed by a decision of this Court on 24 June 1982. Appellant then petitioned the Court of Military Appeals for a grant of review. That Court order followed; directing the appointment of appellate counsel to represent appellant and the filing of briefs related to the petition. Subsequent to the filing of appellate defense counsel's brief containing seven assignments of error, government appellate counsel petitioned the Court of Military Appeals to remand the case to this Court for addressal of the issues of fact raised in appellant's brief. That petition was unopposed by appellant and was granted on 15 November 1982.

Appellant now assigns the following errors:

## I.

IN LIGHT OF THE AGENCY DEFENSE THAT WAS RAISED DURING THE PROVIDENCY [INQUIRY], THE APPELLANT'S PLEA OF GUILTY TO SPECIFICATION 11 OF CHARGE II WAS IMPROVIDENT.

## II

IN LIGHT OF THE ENTRAPMENT DEFENSE THAT WAS RAISED DURING THE PROVIDENCY INQUIRY, THE APPELLANT'S PLEA OF GUILTY TO SPECIFICATION 2 OF CHARGE II WAS IMPROVIDENT.

## III

IN LIGHT OF THE ENTRAPMENT DEFENSE THAT WAS RAISED DURING THE PROVIDENCY INQUIRY, THE APPELLANT'S PLEA OF GUILTY TO SPECIFICATION 4 OF CHARGE II WAS IMPROVIDENT.

## IV

THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL.

## V

APPELLANT WAS DENIED POST–TRIAL EQUAL PROTECTION OF THE LAW WHEN SHE WAS CONFINED, SOLELY BECAUSE OF HER SEX, IN COUNTY JAILS LACKING REHABILITATION PROGRAMS AS EXTENSIVE AS THAT AFFORDED CONVICTED MALE MARINES TRIED AND CONFINED AT CAMP LEJEUNE. (SEE APPELLANT'S INITIAL BRIEF TO COMA, ISSUE IV: TRIAL DEFENSE COUNSEL'S *GOODE* RESPONSE: SJA REVIEW, P. 3–4; SJA'S SECOND ENDORSEMENT DATED 26 FEBRUARY 1982; *United States v. Houston,* 12 M.J. 907 (N.M.C.M.R.1982); *United States v. O'Neal,* No. 82 1691 (N.M.C.M.R. 23 NOVEMBER 1982); *United States v. Wearly,* NO. 81 2656 (N.M.C.M.R. 15 OCTOBER 1982). THE CUMULATIVE PREJUDICIAL EFFECT ON THE APPELLANT OF THE DENIAL OF ACCESS TO CORRECTIONAL FACILITY REHABILITATION PROGRAMS WAS THE DIMINISHED POSSIBILITY OF OBTAINING CLEMENCY. SINCE THE CONVENING AUTHORITY TOOK HIS ACTION ON 1 MARCH 1982, WHILE THE APPELLANT WAS STILL CONFINED AT THE CIVILIAN COUNTY JAIL, SHE WAS UNABLE TO SHOW OR OFFER ANY EVIDENCE OF HER REHABILITATION TO THE CONVENING AUTHORITY PRIOR TO HIS ACTION. APPELLANT WOULD ALSO BE UNABLE TO PROVIDE ANY FUTURE DISPOSITION BOARD THAT MAY BE HELD AT THE U.S. DISCIPLINARY BARRACKS WITH ANY EVIDENCE CONCERNING REHABILITATION EFFORTS WHILE CONFINED AT THESE COUNTY FACILITIES, THEREBY ALSO DIMINISHING HER CHANCES FOR CLEMENCY.

## VI

IN LIGHT OF THE APPELLANT'S GUILTY PLEAS THE TESTIMONY OF

THE DEFENSE EXTENUATION AND MITIGATION WITNESSES REGARDING THE APPELLANT'S GOOD WORK AT THE DINING FACILITY (R. 91–98); THE EXPRESSED REMORSE OF THE APPELLANT (R. 98); THE TRIAL DEFENSE COUNSEL'S CLEMENCY REQUESTS; AND THE TESTIMONY OF CDR GILL (R. 91–98) AND THE "PARA. 121" BOARD REPORT ON THE APPELLANT (DE A), AN APPROVED SENTENCE THAT INCLUDES AN UNSUSPENDED BAD–CONDUCT DISCHARGE AND CONFINEMENT AT HARD LABOR FOR TWO YEARS IS INAPPROPRIATELY SEVERE AND SHOULD NOT BE AFFIRMED. ARTICLE 66(c), UCMJ, 10 U.S.C. § 866(c).

## VII

THE APPELLANT'S FOURTH AMENDMENT RIGHT AGAINST UNREASONABLE SEARCH AND SEIZURE WAS VIOLATED BY GOVERNMENT AGENTS WHEN THEY ENTERED HER ROOM FOLLOWING THE 20 OCTOBER 1981 SALE (SPECIFICATION 11 OF CHARGE II).

We have examined the record of trial, appellant's brief and related documents attached thereto, and the government's response. We find no merit in any of appellant's assignments and will address the interrelated Assignments I, II, and III, and the remaining assignments in turn.

## I, II, III

■ We find, from our examination of the extensive providency inquiry contained in the trial record, that appellant's pleas were provident. It is evident, in evaluating the 53 pages comprising the providency inquiry related to five specifications of selling prohibited drugs, that the trial judge was clearly aware of the issues of entrapment and agency that were presented in the disjointed responses of appellant, ranging from total admission of criminal responsibility as an active perpetrator or aider and abettor in all of the offenses with an obvious predisposition to commit the offenses,

to subsequent hints of rationalization, and self-serving comments that led to the extensive and lengthy inquiry by the trial judge. We find the trial judge's findings of guilty to be fully supported by the responses of appellant. We specifically find in our assessment of the responses of appellant that the factual basis of appellant's pleas was clearly established; that she was an aider and abettor in the offense contained in specification 11 of Charge II, and she was clearly predisposed to commit each of the offenses of which she was convicted. We therefore reject her present contentions and find each of these interrelated assignments to be without merit.

## IV

■ We are satisfied, after examining the trial record and post-trial allegations and affidavit of appellant, as well as the affidavit of her trial defense counsel, that appellant was effectively defended and represented throughout all phases of the trial proceedings. Post-trial dissatisfaction with the reality of a sentence may easily spawn accusations directed at one's counsel. This Court, however, applies the accepted and appropriate standard of counsel competence with recognition that a counsel's performance must, of necessity, be the subject of concerned and detailed inquiry. *United States v. Rivas,* 3 M.J. 282 (C.M.A.1977). That inquiry, however, must be tempered, by anyone aware of the demands of criminal trial representation, with recognition of the salient elements of litigation strategy, strength of the government's case, perception and appreciation by the defendant of the legal issues involved, and the professional judgment of the counsel, when conducting an evaluation of the performance of a criminal trial advocate. Often these elements will coalesce, sometimes they become discordant and competing priorities. It is the responsibility of the counsel to resolve these priorities to the best interests of his client, within the ethical constraints of his profession and when sufficiently consonant with his or her professional judgment to permit continued representation in

the case. We find, from our examination of the record that Capt B, appellant's trial defense counsel, rendered consistently effective and appropriate services in appellant's behalf, from his pretrial and trial actions to a craftsmanlike and impressive closing argument on sentencing.

We are satisfied that appellant was adequately and effectively represented at her trial, and we find absolutely no merit in this assignment.

### V

█ Appellant's approved sentence consisted of a bad-conduct discharge and confinement at hard labor for two years. Assuming deficiencies in the daily routine, educational opportunities, and rehabilitation services available at the civilian facility where she was incarcerated prior to transport to the Army Disciplinary Barracks, Fort Leavenworth, we are unable to discern any prejudice to appellant. We do not find persuasive appellant's contention that, in the less than two-month period of post-trial incarceration prior to her removal to Leavenworth, there was any reasonable likelihood, after being convicted of five specifications of selling prohibited drugs, with a conduct record containing one nonjudicial punishment and a prior special court-martial involving an unauthorized absence of approximately eight months, that the lack of opportunity to "offer any evidence of her rehabilitation" would have resulted in any modification of her sentence. *United States v. Wearly,* No. 81 2656 (N.M.C.M.R. 15 October 1982). We therefore reject this assignment as being without merit.

### VI

█ We find appellant's sentence to be an entirely appropriate judicial reaction to the magnitude and seriousness of her offenses. We invite, for example, appellant to reread the testimony of Gunnery Sergeant G., the senior noncommissioned officer testifying on her behalf, and particularly his professional assessment of her value to the service. Appellant may be able to presently rationalize her activities and minimize their impact upon her military unit and nearby units whose efficiency and readiness are affected by the infusion of drugs. The seller of prohibited drugs, however, jeopardizes personnel and units far outside his or her knowledge or control and often outside the reach of investigative agencies attempting to trace the convoluted trail of drug transactions. *See United States v. Harvey,* 12 M.J. 626, 628 (N.M.C.M.R.1981). No sentence assessment is warranted in this case.

### VII

█ This assignment is without merit. Without addressing the waiver of this issue at trial, it is clear, in reviewing those documents referred to by appellant, that the seizure of the evidence contained in appellant's room occurred immediately following the departure of the government informant and his resulting signal to investigative agents of the consummation of the drug purchase. Government agents may apprehend upon a reasonable belief that an offense has been committed and the person apprehended committed the offense. Article 7(b), UCMJ, 10 U.S.C. § 807(b). In connection with that apprehension they may conduct searches of the person and the immediate area around the person apprehended. The character and room configuration of appellant's barracks quarters offer no bar to such lawful and reasonable governmental activities. *See United States v. McCormick,* 13 M.J. 900 (N.M.C.M.R. 1982).

We have examined the entire record of trial, appellant's petitions for clemency, the comments of her trial defense counsel on his response to the staff judge advocate's review, and we conclude that findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Accordingly, the findings and sentence as approved on review below are affirmed.

Senior Judge SANDERS and Judge CASSEL concur.